## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Cr.  A. No. 05-30024** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WILLIAM DAN DUCKWORTH** | **MAG. JUDGE KAREN L.  HAYES** |

### RULING

Pending before the Court is Defendant William Dan Duckworth's ("Duckworth") letter motion for clarification of his sentence [Doc. No. 23].  For the following reasons, Duckworth's motion is TRANSFERRED to the United States District Court for the Western District of Oklahoma.

### Facts

On or about April 16, 2005, Duckworth was arrested by the Grand Prairie Police Department on outstanding traffic warrants from the Irving Police Department and also charged with burglary of a habitation.  On April 20, 2005, he posted bond, and on April 21, 2005, he was released to the Irving Police Department.

On May 26, 2005, Duckworth was indicted by a grand jury in the Western District of Louisiana for conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine and aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine.  On that same date, a warrant issued for his arrest.

On July 26, 2005, Duckworth's bond in state court was forfeited, and a warrant issued for

his arrest.

On December 19, 2005, the Government filed a Petition for Writ of *Habeas Corpus Ad Prosequendum* averring that Duckworth was then confined at the Dallas County Jail in Dallas, Texas.  The Court granted the Government's Petition that same day.

On July 27, 2006, the grand jury indicted Duckworth on a Superseding Indictment, which charged him with aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine.

On August 10, 2006, Duckworth pled guilty in this Court to the one count of the Superseding Indictment.  The Court adopted the Magistrate Judge's recommendation that the guilty plea be accepted on September 7, 2006.

On December 4, 2006, the Court conducted a sentencing hearing and sentenced Duckworth to the statutory minimum sentence of 120 months imprisonment.  No mention was made at sentencing of his state charge for burglary of a habitation, which remained pending in Dallas County District Court 4 under Docket #F0532557.

Following sentencing, Duckworth was returned to the custody of Texas authorities. According to Duckworth, he was sentenced in state court to two years imprisonment, to run concurrently with his federal sentence.

## Law and Analysis

A claim for time served must proceed via a petition for *habeas corpus* under 28 U.S.C. § 2241.  *United States v. Mares*, 868 F.2d 151, 151-52 (5th Cir. 1989) (per curiam).  Section 2241 petitions must be filed in the district where the petitioner is incarcerated.  *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990).  As Duckworth is incarcerated at El Reno, Oklahoma, this Court

has no jurisdiction to consider his claim.

## **Conclusion**

For the foregoing reason, Defendant's letter motion for clarification of his sentence is TRANSFERRED to the United States District Court for the Western District of Oklahoma for consideration.

MONROE, LOUISIANA, this 4th day of May, 2010.

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**